**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:07-CV-16 CAS ) |
| HANCE EXCAVATING, LLC, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' amended motion for contempt against defendant Hance Excavation, L.L.C. ("Hance") and its two organizers. Plaintiffs move that the Court hold defendant Hance, Jack R. Hance, Jr., and James L. Hance in contempt for refusing to comply with the Court's August 28, 2007 Order compelling an accounting. Plaintiffs' motion is accompanied by an affidavit of counsel.

*Background.*

Plaintiffs are four employee benefit plans (the Welfare Fund, the Pension Trust, the Vacation Fund, and the Training Fund), their trustees (collectively, "the plans"), and Local Unions Nos. 42, 53, 110, Laborers International Union of North America, AFL-CIO ("the unions"). Plaintiffs filed this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. The complaint asserts defendant Hance was bound by the provisions of a collective bargaining agreement to make monthly payments to the employee benefit plans in specified amounts and to submit monthly

report forms. Plaintiffs asserts defendant has failed and refuses to pay the required contributions and submit the required monthly report forms. Plaintiffs' complaint seeks to require defendant to submit the required reports and payments, and to collect delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Defendant was served with summons and the complaint on March 14, 2007, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On August 13, 2007, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P.

On August 9, 2007, plaintiffs filed a motion to compel defendant to submit to a financial examination of payroll records in order to determine the amount of damages. By order dated August 28, 2007, the Court granted plaintiffs' motion to compel and ordered that on or before September 28, 2007, defendant was to produce for inspection all payroll records and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees from September 14, 2005, to the present. The affidavit of plaintiffs' counsel, Janine Martin, which was attached to the motion to compel presently before the Court, states that defendant failed to comply with the Court's August 28, 2007 Order and provide any documents.

A copy of defendant's Articles of Organization filed with the Missouri Secretary of State shows that defendant's organizers are Jack R. Hance, Jr., and James L. Hance, both with the address of 198 Industrial Drive, Gerald, Missouri, 63037.

*Discussion*.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempt is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal

2

punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him). See also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that defendant Hance has failed to provide plaintiffs its financial records so that plaintiffs can perform an accounting. It is also undisputed that Jack R. Hance, Jr., and James L. Hance are organizers of the defendant company. At this point, the burden shifts to defendant and the Messrs. Hance to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply,

4

explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Hance Excavating, L.L.C. and its organizers, Jack R. Hance, Jr., and James L. Hance, are ordered to show cause why they should not be held in contempt of court for failure to produce records as ordered by the Court on August 28, 2007.

**IT IS FURTHER ORDERED** that a hearing is set for **Tuesday, April 1, 2008, at 9:30 a.m.** in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendant Hance Excavating, L.L.C. and its organizers, Jack R. Hance, Jr., and James L. Hance, may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of August 28, 2007. Because incarceration is a possible civil contempt sanction, the Messrs. Hance have the right to representation by counsel. Failure to appear for the hearing as ordered may subject the Messrs. Hance to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant Hance Excavating, L.L.C. and its organizers, Jack R. Hance, Jr., and James L. Hance, at 198 Industrial Drive, Gerald, Missouri 63037.

/s/ Charles A. Shaw

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___26th___ day of February, 2008.